Mr. Justice Richardson
delivered the opinion of the eourt:
Although justices of the peace have judicial power, yet. they possess a very inferior jurisdiction. Comyns says, (p. 501, 4 vol.J their authority is to be exercised, secimdum vim, formcim et effcctum statuti, and are confined to offences named in their commission. Whatever be the power or privilege exercised by them, must appear to be authorized either by former precedents, which presuppose a grant of power by positive enactment, or else must be, *112 incident to their office. Now there has not been adduced an instance of a justice of the peace having committed a constable or other officer for a contempt committed out of the presence of the Justices’ court.. The doctrine adduced from 1 Bacon, 180, as authorizing it, does not warrant such a conclusion, and so far from the Legislature having expressly given such a power, in the act of 1704, (l Brevard, 472, sec. 66,J they seem to have denied to Justices the power of committing for contempts, oven in the presence of the court, by enacting, that witnesses who refuse to attend a Justices’ court, or who, when attending, refuse to testify, may be attached, not by the Justice, but by a superior court upon proper application.
Hdyne, Att’y. Gen. and J. B. While, for the motion.
Eurman, contra.
. Lastly. Is the power of committing incident to the Justices’ office ? i. e. Is such power essentially necessary to the convenient discharge of his duties ?
To commit for a contempt done in the face of a court is essential to preserve the order necessary for the convenient discharge of business. Such a power is incident to all judicial tribunals, (1 Bacon, 108. 8 Coke, 38. Cro. Eliz. 581. Rolls. abr. 219. Sid. 145.) But to commit for a contempt done out of court, is in no respect necessary for the discharge of the Justices’ duties. Such a power is perhaps the greatest prerogative allowed to courts of the highest jurisdiction, and how inconsistent would the practice of this prerogative be in the hands of a justice, when we consider that even after a regular judgment given, a justice of the peace cannot take the body of .a'defendant, nor levy upon his lands, and can issue execution against his goods and chattels only. (P. L. 213.^ This is all the Justice could have done in the case before us, had judgment been first rendered against Applegate for the money received by him*
The motion is therefore dismissed.
Justices Bay, Colcock, Nott and Johnson, concurred.